OPINION
{¶ 1} Appellant, Pilgrim Silk Flowers, Inc., appeals from a judgment of the Portage County Court of Common Pleas, denying its counterclaim against appellee, Chelsea GCA Realty Partnership, L.P. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. By way of background, appellee managed property located in the city of Aurora, Portage County, Ohio, named Aurora Farms Factory Outlets Shopping Center ("the Shopping Center"). Appellee, acting as landlord, leased commercial space to various retail outlet stores. Appellant and appellee entered into a written lease agreement on July 12, 1999, allowing appellant, as tenant, to lease a commercial unit for a store at the Shopping Center.
 {¶ 3} On May 22, 2001, appellee filed a petition in forcible entry and detention in the Portage County Municipal Court, Kent Division. The petition alleged that appellant was in default of its obligation to pay rent under the terms of the lease. Appellee sought eviction, restitution, and monetary damages, resulting from appellant's breach of the lease agreement. Attached to the petition was a copy of the commercial lease.
 {¶ 4} On June 22, 2001, appellant filed its answer and counterclaim. Appellant's counterclaim maintained that appellee had breached its obligations under the lease and requested that appellee "reimburse [appellant] for improvements which were [appellee's] responsibility under the lease[.]" Appellant further claimed that appellee had failed to advertise its store as required by the lease. Shortly thereafter, this matter was transferred to the Portage County Court of Common Pleas.
 {¶ 5} On October 31, 2001, a stipulation for eviction and judgment entry was granted by the court. All parties agreed to the termination of the lease, and appellant agreed to vacate the premises and pay restitution. Subsequently, appellee filed a motion for partial summary judgment on appellant's counterclaims. The court denied appellee's motion for partial summary judgment.
 {¶ 6} This matter proceeded to a trial before a magistrate. Following trial, the magistrate issued a decision on November 26, 2002. The magistrate first granted appellee judgment in the amount of $93,149.64 for unpaid rent. The magistrate then proceeded to dismiss appellant's counterclaims. First, the magistrate found that appellant was responsible under the commercial lease to repair the store unit's HVAC system. Specifically, the magistrate cited to Section 7.03 of the commercial lease which held appellant responsible "for the maintenance and repair of the heating, ventilation and air conditioning equipment * * *." The magistrate noted that during trial appellant attempted to characterize the repairs to the HVAC system as a "replacement," thereby obligating appellee to incur the costs associated with replacing the system. However, based upon the testimony and evidence presented at trial, the magistrate found, "[t]he fix effected to the HVAC performed by [appellant's] contractor was `maintenance and repair of the heating, ventilation and air conditioning equipment' as set out in the Lease. [Appellant], rather than [appellee], had responsibility to fix the HVAC as performed by [appellant's] contractor."
 {¶ 7} With respect to appellant's remaining claims, the magistrate concluded, "[n]o date certain was set out in the Lease for advertising of [appellant's] business premises, and such was performed by [appellee] within a reasonable time. [Appellant's owner] admitted that [appellee] had no contractual responsibility to landscape the area in front of [the store]. No viable claim was proven regarding the disagreement over placement of [appellant's] store sign. No evidence of any kind was offered tending to show fraud on the part of [appellee]." Accordingly, the magistrate dismissed appellant's counterclaims.
 {¶ 8} On December 13, 2002, appellant filed timely objections to the magistrate's decision. Despite the timeliness of the objections, appellant failed to provide the court with a transcript of the magistrate's trial. Nevertheless, the objections argued that the magistrate failed to properly interpret the lease agreement and, therefore, erred in determining that appellant was responsible for the HVAC system. Appellant's objections also maintained that "[t]he failure of [appellee] to `replace' the heating and air conditioning system resulted in a constructive eviction."
 {¶ 9} On December 31, 2002, the court issued a judgment entry adopting the magistrate's decision, including the magistrate's conclusions of law and findings of fact, and dismissed appellant's counterclaims. In particular, the court stated, "[u]pon review and consideration of the `Magistrate Decision and Journal Entry,' the Court determines that there is no error of law or defect on the face of said determinations. The Court further finds that the `Magistrate Decision and Journal Entry' contains sufficient findings of fact and conclusions of law to allow the Court to make its independent analysis of the issues and to apply the appropriate rules of law in making its final decision and judgment entry in this matter." Accordingly, the court dismissed appellant's counterclaims and determined that its objections were not well-taken.
 {¶ 10} From this judgment, appellant filed a timely notice of appeal and now sets forth the following six assignments of error for our review:
 {¶ 11} "[1.] The trial court erred in failing to properly interpret the lease provisions as they related to common area and demised premises.
 {¶ 12} "[2.] The trial court erred in improperly expanding the scope of the phrase `as is.'
 {¶ 13} "[3.] The trial court erred in failing to properly interpret the obligations of the landlord versus tenant.
 {¶ 14} "[4.] The trial court erred in failing to differentiate between the phrase `repair and maintenance' versus `replace' under the terms of the lease.
 {¶ 15} "[5.] The trial court erred by failing to acknowledge the landlord's actions resulted in constructive eviction.
 {¶ 16} "[6.] The trial court erred by not allowing any of Defendant's claims under the counterclaim."
 {¶ 17} As an initial matter, the record in this case shows that, although a transcript of the magistrate's trial has been filed with this court, appellant failed to provide a transcript of the trial, or a suitable substitute, with its objections to the trial court. Thus, we are precluded from examining the transcript for the following reason.
 {¶ 18} Civ.R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. Inre O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. This court has repeatedly held that if the objecting party fails to provide either of the above in support of his or her objections, they are "precluded from arguing factual determinations on appeal." Yancey v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 WL 263757, at 2.
 {¶ 19} In the case at bar, although appellant filed objections to the magistrate's decision, it failed to include a transcript of the magistrate's trial, or a suitable substitute, with the trial court. Appellant has subsequently filed a written transcript of the magistrate's trial with this court on appeal. We, however, are unable to consider anything that was not before the trial court when it overruled appellant's objections and ultimately adopted the magistrate's decision. See, e.g.,Mauerman v. Mauerman, 11th Dist. No. 2002-T-0049, 2003-Ohio-3876, at ¶ 14, (holding that supplementing the record on appeal with a transcript does not enable us to consider evidence that was not presented to the trial court at the time the court made its decision).
 {¶ 20} That being said, the trial court was still required to examine the magistrate's decision and determine whether there was an error of law or defect on the face of the decision. Civ.R. 53(E)(4)(a). Here, after reviewing the magistrate's decision, the trial court found "no error of law or defect on the face of said determinations." Our own review of the magistrate's decision shows that the magistrate fully complied with the procedural requirements of Civ.R. 53 and, therefore, there is no defect on the face of the magistrate's decision.
 {¶ 21} Moreover, our examination of the decision has failed to reveal any error of law. As mentioned previously, the magistrate found that the alterations made to the HVAC system were considered repairs or maintenance under Section 7.03 of the commercial lease, which is titled "Repairs and Maintenance By Tenant." Section 7.03 states in relevant part:
 {¶ 22} "* * * Tenant shall make all repairs and replacements to, and shall keep clean, neat, safe, sanitary, in good order, repair and condition * * * and free of vermin, the Demised Premises, including both inside and the outside, and any equipment, facilities, fixtures and systems including but not limited to fire detection and or prevention systems therein. * * * Tenant shall keep in full force and effect during the Term hereof a maintenance contract for the HVAC system with a company reasonably designated by Landlord, which contract shall include specific provisions for regularly scheduled periodic routine maintenance. * * *"
 {¶ 23} When construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties. Aultman Hosp. Assn. v. Hosp. Care Corp. (1989),46 Ohio St.3d 51, 53. If the language of the written instrument is clear and unambiguous, the interpretation of such instrument is a matter of law and the court shall determine the intent of the parties through the language employed. Seminatore v. Med. Mut.of Ohio (2000), 136 Ohio App.3d 758, 763. "A court must give effect to the contract's express terms in determining the rights and obligations of the parties and cannot, in effect, create a new contract by finding an intent not expressed in the clear language used by the parties." Id.
 {¶ 24} Here, the magistrate determined that the clear and unambiguous language of Section 7.03 established appellant's responsibility to repair the HVAC system. Our own review demonstrates that the language of Section 7.03 is clear and unambiguous and sets forth the intent of both parties to obligate appellant, as a tenant, to repair and maintain the HVAC system. Thus, with respect to the magistrate's decision regarding the HVAC system, there is no error of law.
 {¶ 25} Nevertheless, appellant's first four assignments of error challenge the magistrate's finding that the commercial lease obligated appellant to repair the HVAC system. Each of these four assignments of error is predicated upon appellant's argument that the HVAC system was not part of the "demised premises" as defined by the lease. Rather, appellant maintains that the HVAC system was part of the store's defined "common area." As a result, appellant concludes that those portions of the lease relating to the "demised premises" of the store, including Section 7.03, are not applicable to the case at bar.
 {¶ 26} To support its contentions, appellant relies upon testimony presented at trial. Namely, appellant cites to testimony which allegedly demonstrates that various portions of the HVAC system were located outside of the leased store unit and above the ceiling of the store unit. Appellant attempts to use these factual determinations in conjunction with the language of the lease agreement to establish that the HVAC system was not part of the "demised premises."
 {¶ 27} Because appellant's arguments under its first four assignments of error are based upon testimony and evidence presented during the magistrate's trial, this court is unable to review appellant's factual arguments as a transcript was not before the trial court. We simply are unable to review the transcript and exhibits produced at trial to verify these facts. Without the relevant facts to support its first four assignments of error, appellant cannot demonstrate any type of error. Thus, we will presume the regularity of the trial court's factual and legal conclusions. Appellant's first four assignments of error are without merit.
 {¶ 28} Under its fifth assignment of error, appellant argues that the trial court failed to acknowledge that appellee's inability to provide proper heating and cooling resulted in a constructive eviction. Appellant contends that the HVAC's system malfunction caused the leased premises to become untenable and uninhabitable.
 {¶ 29} At the outset, we note that appellant failed to state constructive eviction as an affirmative defense within its answer or as an issue for resolution under its counterclaim. The first time appellant raised the issue of constructive eviction was in its objections to the magistrate's decision.
 {¶ 30} A party's failure to raise the issue of constructive eviction as part of its pleadings waives this contention as an affirmative defense. State ex rel. Shemo v. Mayfield Heights,96 Ohio St.3d 379, 2002-Ohio-4905, at ¶ 25. See, also, Moliquev. Allen, 2nd Dist. No. 19897, 2002-Ohio-460, (A party's failure to raise constructive eviction as an affirmative defense acts as a waiver of such defense.). Moreover, without an amendment of the pleadings under Civ.R. 15(B), a party is precluded from submitting issues not raised by the pleadings unless such issues were tried by the express or implied consent of the parties.
 {¶ 31} A review of the record before us demonstrates that appellant failed to assert constructive eviction as an affirmative defense. The record also shows appellant's failure to amend its answer and counterclaim, pursuant to Civ.R. 15(B), to include constructive eviction as a counterclaim. As mentioned previously, we are precluded from reviewing the transcript; thus, there is no evidence that the issue of constructive eviction was expressly or impliedly tried by the parties. As a result, appellant has waived any contention with respect to the issue of constructive eviction. Appellant's fifth assignment of error is without merit.
 {¶ 32} Even assuming appellant had properly raised the issue of constructive eviction, its argument under its fifth assignment of error would still fail. The general basis of constructive eviction is that acts of interference by a landlord compel a tenant to leave. Foote Theatre, Inc., v. Dixie Roller Rink,Inc., (1984), 14 Ohio App.3d 456, 457. We have previously determined that it was not appellee's responsibility, as a landlord, to repair or replace the HVAC system. Thus, any claim of constructive eviction based upon appellee's actions, or omissions, with respect to the repair or replacement of the HVAC system did not act to interfere with appellant's habitation of the store as the HVAC system was not appellee's obligation. For this additional reason, appellant's fifth assignment of error is without merit.
 {¶ 33} Appellant's sixth assignment of error argues that the trial court erred in dismissing its counterclaim for appellee's failure to advertise its store. In short, appellant maintains that the lease required appellee to advertise its store in a timely fashion, as appellant had been paying a monthly advertising fee.
 {¶ 34} Despite appellant's contentions on appeal, an examination of its objections to the magistrate's decision reveals no objection to the magistrate's conclusion of law or finding of fact in relation to advertising. "Civ.R. 53(E)(3)(b) prohibits a party from `assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.'" State ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53, 2000-Ohio-269, quoting Civ.R. 53(E)(3)(b). Accordingly, appellant's failure to object to the magistrate's findings or conclusions relating to appellee's advertising precludes an objection on appeal. Appellant's sixth assignment of error is without merit.
 {¶ 35} Based upon the foregoing analysis, appellant's six assignments of error are without merit. We hereby affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.