[Cite as *Church at Warren v. Warzala*, 2017-Ohio-6947.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| CHURCH AT WARREN, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0073** |
| RICK WARZALA, d.b.a.<br>WARZALA CONSTRUCTION, et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CV 00236.

Judgment: Affirmed.


*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44483 (For Plaintiff-Appellant).

*Samuel F. Bluedorn*, Bluedorn & Ohlin, L.L.C., 144 North Park Avenue, Suite 310, Warren, OH 44481 (For Defendant-Appellee Rick Warzala, d.b.a. Warzala Construction).

*Lawrence E. Sutter* and *Brian E. Roof*, Sutter O'Connell, 3600 Erieview Tower, 1301 East 9th Street, Cleveland, OH 44114-1831 (For Defendants-Appellees American Builders & Contractors Supply Co., Inc., d.b.a. ABC Supply Co., Inc., and Mule-Hide Products Co., Inc.).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Church at Warren, appeals from the June 28, 2016 judgment of the Trumbull County Court of Common Pleas, which granted the summary judgment motion of Appellees American Builders & Contractors Supply Co., Inc., d.b.a. ABC Supply Co., Inc. ("ABC") and Mule-Hide Products Co., Inc. ("Mule-Hide") and granted

judgment in favor of the remaining defendant, Appellee Rick Warzala, d.b.a. Warzala Construction ("Warzala").

{¶2}    In 2009, appellant hired Warzala, a general contractor, to fix the leaking roof of appellant's church building.  Warzala was hired to coat and seal the roof with Mule-Hide A-300 finish ("A-300"), manufactured by Mule-Hide and purchased from ABC.

{¶3}    Appellant filed a complaint in the Trumbull County Court of Common Pleas on February 6, 2015.  In the complaint, appellant alleged it was a "religious organization organized as a church for religious purposes."  It named Warzala, ABC, and Mule-Hide as defendants and alleged causes of action for negligence, breach of express warranty, and breach of implied warranty.  The complaint stated the A-300 began to slough and flake and the roof began to leak again in January 2012, causing damage to the interior of the church.  It stated appellees were notified of the problem but failed to remedy the damages caused by the leaking water.  Appellant demanded compensatory damages in excess of $25,000 from appellees, jointly and severally.

{¶4}    ABC and Mule-Hide answered on March 11, 2015, and filed amended answers on June 23, 2015.  On May 1, 2015, Warzala filed an answer and a cross-claim against ABC and Mule-Hide.  The cross-claim was later voluntarily dismissed without prejudice, pursuant to Civ.R. 41(A).

{¶5}    On February 26, 2016, ABC and Mule-Hide filed a joint motion for summary judgment.  They argued there were no genuine issues of material fact and they were entitled to judgment as a matter of law for the following reasons: appellant did not have standing to bring the lawsuit because it was not a legal entity and was unincorporated at the time the lawsuit was filed; the Ohio Products Liability Act

abrogated appellant's negligence claim; appellant could not satisfy the elements of negligence as a matter of law; and appellant's breach of implied and express warranty claims failed as a matter of law.

{¶6} On June 9, 2016, appellant filed a memorandum contra to ABC and Mule-Hide's motion for summary judgment. Appellant does not dispute that it was an incorporated nonprofit organization at one time but ceased being incorporated in 2005 when its charter was cancelled by the Ohio Secretary of State. Appellant argued, however, that it had standing pursuant to R.C. 1745.08, which recognizes unincorporated nonprofit associations as legal entities. In support of its argument, appellant included an affidavit from David Natale, a pastor of the Church at Warren.

{¶7} On June 28, 2016, the trial court granted the motion for summary judgment. The trial court ruled that appellant "had no capacity to commence an action" because it was not incorporated and was exempt from R.C. 1745.08 as a religious organization. The trial court also ruled that, although Warzala did not join in the motion for summary judgment, "a lack of standing" prevented appellant from pursuing its claims against Warzala.

{¶8} Appellant filed a timely appeal from this entry and assigns three assignments of error for our review:

> [1.] The trial court prejudicially erred and abused its discretion in finding that the Church at Warren had no capacity to commence an action against the appellees and it was not raised by appellees as an affirmative defense in appellees' pleadings.
>
> [2.] The trial court committed prejudicial error in sustaining appellees' motion for summary judgment where the facts are undisputed that the church was operating as an unincorporated nonprofit association, but even if disputed it required appellees [sic] motion to be overruled and tried by a trier of the facts.

3

[3.] The trial court committed prejudicial error and abused its discretion in ruling that 'a lack of standing' prevents appellant from pursing its claims against Appellee Warzala.

{¶9} ABC and Mule-Hide have jointly assigned one cross-assignment of error pursuant to R.C. 2505.22 and Loc.R. 16(C):

{¶10} "The trial court's judgment dismissing the Church's lawsuit with prejudice should be affirmed because of the other arguments raised in ABC Supply and Mule-Hide's Motion for Summary Judgment."

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper when

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

{¶12} On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v.*

4

*Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶13} Appellant argues in its first assignment of error that ABC and Mule-Hide could not raise the issue of *capacity* for the first time in their motion for summary judgment, because it is an affirmative defense that was waived when not raised in their answers or amended answers. ABC and Mule-Hide respond that a *standing* argument is not waived if not pled in an answer and that they did not waive the argument because they raised it in their motion for summary judgment. They further respond that appellant waived its own argument on appeal because it did not raise the issue of waiver in its memorandum contra to the motion for summary judgment.

{¶14} Before addressing the merits of this assignment of error, we must discuss the fact that standing and capacity are separate and distinct legal concepts. The parties do not appear to agree on the appropriate term to use for the specific argument in which they are engaged. The trial court further confounded the issue by entering judgment in favor of ABC and Mule-Hide because appellant "had no capacity" and entering judgment in favor of Warzala because of "a lack of standing."

{¶15} A party must have both—standing and capacity—in order to sue. *Mousa v. Mt. Carmel Health Sys., Inc.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶12. "Standing concerns the issue of whether a plaintiff can show an injury traceable to the conduct of the defendant. Capacity involves the issue of whether a party may properly sue, either as an entity or on behalf of another." *Dennis v. Ford Motor Co.*, 121 Ohio App.3d 318, 320, fn. 1 (9th Dist.1997), citing *Country Club Townhouses—N. Condominium Unit Owners Assn. v. Slates*, 9th Dist. Summit No. 17299, 1996 WL 28003, *3-4 (Jan. 24, 1996); *see also Mousa, supra*, at ¶12-13.

5

{¶16} ABC and Mule-Hide did not raise either defense in their answers or amended answers. In their motion for summary judgment, they made the following argument: "The Church does not have *standing* to pursue this lawsuit because its articles of incorporation were cancelled in 2005." (Emphasis added.) The case law they cite in support, however, states that an entity whose articles of incorporation have been cancelled has "no *capacity* to commence an action." (Emphasis added; citation omitted). ABC and Mule-Hide clearly raised a question of capacity, not standing, as it turns on whether appellant has a legal existence, not whether appellant could demonstrate an injury traceable to the defendants.

{¶17} "Standing to sue is required to invoke the jurisdiction of the common pleas court in every lawsuit, and standing is to be determined at the commencement of suit." *Mousa*, *supra*, at ¶12, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶24. A lack of standing defense may be raised at any time during the proceedings, but it does not affect the subject-matter jurisdiction of a court nor can it be used to collaterally attack a judgment. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, paragraphs two and three of the syllabus.[1]

{¶18} A lack of capacity defense, on the other hand, is an affirmative defense that is waived if not specifically raised in an answer or amended answer. *Bank of Am.,*

---

1. The appellate brief provided to this court on behalf of ABC and Mule-Hide blatantly misquotes the applicable law in a manner so apparently intentional it should not be ignored. The appellate brief presents the following to this court: "The Ohio Supreme Court has expressly held that lack of standing is a jurisdictional defense that vitiates a court's subject matter jurisdiction over the plaintiff's lawsuit: 'Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates *a court's subject matter jurisdiction* * * * – over the party's attempted action.' *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.2d 1040, ¶22." The italicized portion of this misquote from *Kuchta* has been added by appellate counsel, without indication of such, and states the exact opposite of what the Ohio Supreme Court actually held in *Kuchta*, to wit: "Standing is certainly a jurisdictional requirement; a party's lack of standing **vitiates the party's ability to invoke the jurisdiction of a court**—even a court of competent subject-matter jurisdiction—over the party's attempted action. But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, **not subject-matter jurisdiction**." *Id.* at ¶22 (internal citations omitted) (italics sic; bold added).

*N.A. v. Stewart*, 7th Dist. Mahoning No. 13 MA 48, 2014-Ohio-723, ¶47 (citations omitted). "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Civ.R. 9(A); *see also* Civ.R. 8(C) (any matter constituting an avoidance or affirmative defense must be set forth in the answer) and Civ.R. 12(B) (defenses must be set forth in the responsive pleading).

{¶19} Nevertheless, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Civ.R. 15(B); *see also Chelsea GCA Realty Partnership, L.P. v. Pilgrim Silk Flowers, Inc.*, 11th Dist. Portage No. 2003-P-0013, 2004-Ohio-5320, ¶30, and *Ford v. Tandy Transp., Inc.*, 86 Ohio App.3d 364, 381-382 (4th Dist.1993) (citations omitted). A trial court may properly consider an affirmative defense that was raised for the first time in a motion for summary judgment where implied consent is established. *Parker Fin. v. Matthews*, 4th Dist. Adams No. 97CA652, 1999 WL 74686, *8-9 (Feb. 3, 1999), citing *Pine Creek Farms v. Hershey Equip. Co., Inc.*, 4th Dist. Scioto No. 96CA2458, 1997 WL 392767, *4-5 (July 7, 1997). Implied consent is established where it appears "the parties understood the evidence was aimed at the unpleaded issue." *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41 (1983), paragraph two of the syllabus.

{¶20} Here, the first time the affirmative defense of lack of capacity was raised was in the motion for summary judgment, albeit used interchangeably with the term "standing." In its memorandum contra, appellant did not argue that the failure to raise

7

the affirmative defense in the pleadings constituted waiver. Additionally, it is clear appellant understood the evidence was aimed at a capacity defense, despite the "standing" misnomer, because appellant responded to the merits of the argument: appellant claimed it was a legal entity and attached an affidavit from Pastor Natale in an attempt to support that claim.

{¶21} The trial court's ruling was also based on capacity, not standing, despite its own use of the terms somewhat interchangeably. The trial court held, in relevant part:

> Because the articles of incorporation have been cancelled for 11 years, Church at Warren was not a nonprofit corporation at the time of the suit. Therefore, Church at Warren, acting as a corporation, had no capacity to commence an action. Nor can the Court find that the Church is an unincorporated nonprofit association as suggested by the Plaintiff, based upon the evidence in the record. Clearly the church is a religious organization which is specifically exempted from the definition of unincorporated nonprofit organizations by 1745.05(M)(5).

{¶22} Under these circumstances of implied consent, it was not error for the trial court to consider the applicability of the lack of capacity defense when ruling on the motion for summary judgment. Further, it is also correct that appellant cannot raise the waiver issue for the first time on appeal. Had it been raised before the trial court, it would have given appellees an opportunity to request leave to amend their answers and the trial court a chance to exercise its discretion in granting same.

{¶23} Appellant's first assignment of error is without merit.

{¶24} Appellant argues in its second assignment of error that a genuine issue of material fact exists regarding its capacity to sue, which should have precluded the trial court from granting summary judgment in favor of appellees. Appellant does not deny

that it is no longer incorporated. Rather, appellant claims it qualifies as a legal entity under R.C. 1745.08.

{¶25} An unincorporated nonprofit association "is a legal entity distinct from its members and managers" that "has the same powers as an individual to do all things necessary or convenient to carry on its activities." R.C. 1745.08. "Unincorporated nonprofit association" does not include, however, "[a] religious organization that operates according to the rules, regulations, canons, discipline, or customs established by the organization, including any ministry, apostolate, committee, or group within that organization." R.C. 1745.05(M)(5).

{¶26} Appellant specifically stated in its complaint that it "is a religious organization organized as a church for religious purposes." Nevertheless, in support of its argument, appellant attached to its memorandum contra an affidavit from Pastor Natale, which states: "The Church of Warren operates as a legal entity pursuant to O.R.C. §1745.08 and operated as such at the time and prior to the filing of its Complaint[.]" This affidavit is not sufficient to create a genuine issue of material fact, as it merely sets forth a legal conclusion, not facts based on Pastor Natale's personal knowledge. *See* Civ.R. 56(E) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."); *see also Shirley v. St. Joseph Riverside Hosp.*, 11th Dist. No. 99-T-0035, 2000 WL 527848, *2 (Apr. 28, 2000) (citation omitted) ("statements in affidavits must be based on personal knowledge because legal conclusions are inappropriate").

{¶27} Furthermore, "a party may not create a factual issue by simply filing an affidavit that contradicts his/her earlier deposition testimony[.]" *Spatar v. Avon Oaks*

9

*Ballroom*, 11th Dist. Trumbull No. 2001-T-0059, 2002-Ohio-2443, ¶20. During Pastor Natale's deposition, the following exchange took place:

Q: And is the Church at Warren a non-profit organization?

A: It's a church.

Q: Do you know if it's a non-profit?

A: I don't know the terminology of non-profit.

Although in his affidavit Pastor Natale stated appellant operated as an R.C. 1745.08 unincorporated nonprofit association "at the time and prior to the filing of its Complaint in the above cited case," this contradicts his deposition testimony that he did not know the meaning of "nonprofit" and that appellant is a church. Appellant provided no explanation for this contradiction in its opposition to the motion for summary judgment.

{¶28} Neither Pastor Natale's affidavit nor any other evidentiary material produced by appellant contradicts the application of R.C. 1745.05(M)(5) to exempt it from legal entity status. Appellant did not establish a genuine issue of material fact exists regarding its capacity to sue and thus failed to meet its reciprocal burden on summary judgment.

{¶29} Appellant's second assignment of error is without merit.

{¶30} Appellant argues in its third assignment of error that the trial court erred in granting judgment in favor of Warzala for the same reasons advanced in its first two assignments of error. Although Warzala did not move for summary judgment, we rely on the fact, discussed above, that the issue of capacity was properly before the trial court with appellant's implied consent. Because the trial court found appellant lacks capacity to sue, appellant was prevented from pursuing its claims against each defendant in this matter.

**{¶31}** Appellant's third assignment of error is without merit.

**{¶32}** Pursuant to R.C. 2505.22, because we have not found merit with appellant's assignments of error, we will not address the cross-assignment of error raised by ABC and Mule-Hide. *See Hicks v. The Cadle Co.,* 11th Dist. Trumbull No. 2014-T-0103, 2016-Ohio-4728, ¶32.

**{¶33}** The judgment of the Trumbull County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.