[Cite as *Wells Fargo Bank, N.A. v. Byers*, 2014-Ohio-3303.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-767 |
| v. | : | (C.P.C. No. 11CV-01-15079) |
| Sonia Anne Byers, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| John Doe, unknown spouse, if any, of Sonia Anne Byers et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on July 29, 2014

*Thompson Hine LLP, Scott A. King,* and *Terrance A. Mebane,* for appellee Wells Fargo Bank, N.A.

*Sonia Anne Byers,* pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Sonia Anne Byers, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by Wells Fargo Bank, N.A. ("Wells Fargo"), plaintiff-appellee.

{¶ 2} To assist in understanding the respective paths of the promissory note ("note") and mortgage involved in the present case, we will set out their courses separately, although they sometimes were purportedly conveyed simultaneously in the

same document. On June 25, 1992, Byers executed a note payable to Yerke Mortgage Company ("Yerke"). On June 25, 1992, Yerke executed a written "Assignment of Note and Real Estate Mortgage," assigning the note to BancOhio, National Bank ("BancOhio"). On June 30, 1992, Yerke indorsed the note to Barclays American Mortgage Corporation ("Barclays"), even though Yerke had purportedly assigned the note to BancOhio on June 25, 1992. On August 5, 1992, BancOhio executed a written "Assignment of Note and Real Estate Mortgage," assigning the note to Yerke. Barclays indorsed the note to Norwest Mortgage, Inc. ("Norwest"). Norwest indorsed the note to Bank United ("BU"). BU indorsed the note "in blank," which means the indorsement was not made to a specific person but became payable to bearer. Wells Fargo came into possession of the note.

{¶ 3} The note was secured by a mortgage in favor of Yerke on property at 2963 Oaklawn Street, Columbus, Ohio. On June 25, 1992, Yerke assigned the mortgage to BancOhio via a written "Assignment of Note and Real Estate Mortgage." On June 30, 1992, Yerke assigned the mortgage to Barclays via a written "Assignment," even though Yerke had already assigned the mortgage on June 25, 1992 to BancOhio. On August 5, 1992, BancOhio assigned the mortgage back to Yerke via a written "Assignment of Note and Real Estate Mortgage."

{¶ 4} On February 27, 1996, Barclays assigned the mortgage to Norwest via a written "Assignment of Mortgage/Deed of Trust/Deed to Secure Debt." On July 31, 1998, Norwest assigned the mortgage to BU via a written "Assignment of Mortgage." On November 4, 2011, the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, f/k/a Washington Mutual Bank, F.A., successor by merger to BU, assigned the mortgage to Wells Fargo via a "Corporate Assignment of Mortgage."

{¶ 5} Byers quit paying under the note and mortgage. On December 5, 2011, Wells Fargo filed a complaint in foreclosure against Byers, who filed an answer and counterclaim. On February 22, 2012, Wells Fargo filed a motion to dismiss the counterclaim. On March 4, 2012, Byers filed a motion to dismiss. On October 8, 2012, Wells Fargo filed a motion for summary judgment. On December 30, 2012, Byers filed two motions to dismiss, a motion for leave to file another motion to dismiss, and a motion in limine to exclude evidence.

{¶ 6}   On July 26, 2013, the trial court granted Wells Fargo's motion to dismiss Byers' counterclaim, granted Wells Fargo's motion for summary judgment, and denied or found moot Byers' other pending motions. The trial court concluded that, although there was a break in the assignments of the mortgage because Yerke did not have any interest in the mortgage when it assigned it to Barclays after it previously assigned it to BancOhio, the valid negotiation of a note operated as an equitable assignment of the mortgage.  On August 20, 2013, the trial court issued a judgment entry, journalizing its July 26, 2013 entry. Byers appeals the judgment of the trial court, asserting the following assignment of error:

> [THE] TRIAL COURT ERRED IN ENTERING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND IN DENYING APPELLANT'S MOTIONS TO DISMISS FOR LACK OF STANDING VOID EVIDENCE IN SUPPORT THEREOF.

{¶ 7}  Byers argues in her assignment of error that the trial court erred when it granted summary judgment in favor of Wells Fargo. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8}  When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a

conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 9} In the present case, Byers argues that Wells Fargo did not have standing upon its filing of the complaint and was not the holder of the note and mortgage. Byers contends that when Yerke transferred the note and mortgage to BancOhio on June 25, 1992, via a written assignment, without indorsing the transfer on the note, BancOhio became a person entitled to enforce the note. Thus, Byers argues, when Yerke transferred the note and mortgage to Barclays on June 30, 1992, Yerke was not a person entitled to enforce the note, thereby making that transfer and all subsequent transfers of the note and mortgage also ineffective. Byers also contends that the doctrine of equitable assignment does not make Wells Fargo a person entitled to enforce the note.

{¶ 10} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Supreme Court of Ohio held that standing is a jurisdictional prerequisite before common pleas courts can proceed with foreclosure actions. *Id.* at ¶ 22-28. Generally, we review issues of subject-matter jurisdiction de novo. *See Yu v. Zhang*, 175 Ohio App.3d 83, 2008-Ohio-400, ¶ 16 (2d Dist.).

{¶ 11} If a note is negotiable under R.C. 1303.03(A), Chapter 1303, Ohio's version of Article III of the Uniform Commercial Code, will apply. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 27-28. It is generally recognized by Ohio courts that a note secured by a mortgage is a negotiable instrument. *Id.* at ¶ 29, citing *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 23; *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. No. E-12-002, 2013-Ohio-3963, ¶ 11; *U.S. Bank, N.A. v. Bennett*, 7th Dist. No. 11 MA 40, 2012-Ohio-2700, ¶ 19. Thus, a note secured by a mortgage is governed by R.C. Chapter 1303.

{¶ 12} In order to have standing to bring a foreclosure case, the plaintiff must demonstrate that it has an interest in either the promissory note or mortgage. *Gray* at

¶ 27; *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. No. 2012-G-3084, 2013-Ohio-4423, ¶ 24, citing *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930, ¶ 18. Standing to enforce a note gives a party standing to enforce the mortgage. *Gray* at ¶ 32-35.

{¶ 13} A party has standing to invoke the court's jurisdiction if, at the time the complaint is filed, the party is a holder of the note. *Bank of Am., N.A. v. Harris*, 8th Dist. No. 99272, 2013-Ohio-5749, ¶ 8-10. R.C. 1303.31(A) identifies three "persons" entitled to enforce an instrument: (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Determining whether a plaintiff-creditor is a holder requires physical examination of both the face of the note and any indorsements.

{¶ 14} In the present case, Wells Fargo submitted an affidavit averring that it had possession of the note and that the copy it presented is true and correct. The note contained four indorsements: (1) Yerke indorsed the note to Barclays, (2) Barclays indorsed the note to Norwest, (3) Norwest indorsed the note to BU, and (4) BU indorsed the note in blank. A blank indorsement makes the instrument payable to the bearer pursuant to R.C. 1303.25(B). Therefore, because Wells Fargo was in possession of the note that was payable to bearer, it was the holder under R.C. 1301.201(B)(21)(a). As the holder of the note, Wells Fargo was a person entitled to enforce the note pursuant to R.C. 1303.31(A)(1) and had standing to invoke the trial court's jurisdiction.

{¶ 15} Notwithstanding, Byers counters that Wells Fargo could not have been a person entitled to enforce the note because Yerke's prior indorsement of the note to Barclays on June 30, 1992 was invalid, given Yerke had already assigned the note to BancOhio on June 25, 1992 via the written assignment. Byers contends that, through the written assignment, BancOhio became the person entitled to enforce the note, and Yerke was no longer a person entitled to enforce the note and could not effectuate a transfer.

{¶ 16} However, Yerke's assignment of the note to BancOhio did not affect the validity of its subsequent indorsement of the note to Barclays. Under Ohio law, the right to enforce a note cannot be assigned; rather, the note must be negotiated in conformity with Ohio's version of the Uniform Commercial Code. *In re Wells*, 407 B.R. 873, 880 (N.D.Ohio 2009). *See also HSBC Bank USA, Natl. Assn. v. Surrarrer*, 8th Dist. No. 100039, 2013-Ohio-5594, ¶ 17 (in order for one other than the payee to enforce the note, the note must be negotiated to another who then becomes the holder of the note). An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. *Wells* at 880. An assignment of a note may be by negotiation, pursuant to R.C. 1303.21, or transfer pursuant to R.C. 1303.22. "Negotiation" requires transfer of possession of the instrument. R.C. 1303.21(A). The "transfer" of an instrument requires physical delivery of the note "for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A).

{¶ 17} In the present case, there is no evidence that Yerke's written assignment of the note included a negotiation or transfer of the note to BancOhio. The record is devoid of evidence that Yerke ever physically delivered or transferred possession of the note to BancOhio. Thus, Yerke did not assign the note or assign the right to enforce the note as a holder thereof to BancOhio. At most, Yerke's execution of the June 25, 1992 written assignment created a claim of ownership in the note in BancOhio. Instead, it was Yerke's June 30, 1992 negotiation of the note to Barclays that assigned Yerke's right to enforce the note to Barclays. Barclays then negotiated the note to Norwest, who indorsed the note to BU, who then indorsed the note "in blank." Wells Fargo then took possession of the note. Therefore, we find that Wells Fargo was the holder of the note and a person entitled to enforce the note.

{¶ 18} Furthermore, negotiation of a note secured by a mortgage operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Pasqualone* at ¶ 39, citing *Gray* at ¶ 32. "In other words, '[t]he physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered.' " *Gray* at ¶ 32, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 65.   As explained above, the evidence

demonstrates that Wells Fargo had possession of the note, bearing a blank indorsement from BU, when the complaint was filed.  Therefore, consistent with the trial court's finding, the negotiation of the note from BU to Wells Fargo constituted an equitable assignment of the mortgage. *See Gray* at ¶ 34; *Pasqualone* at ¶ 40.

{¶ 19} Byers also argues that Wells Fargo's alleged allonge to her note was a nullity due to its improper attachment to the note, and because the indorsements were undated and broken. "An allonge is defined as '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.' " *HSBC Bank USA v. Thompson*, 2d Dist. No. 23761, 2010-Ohio-4158, ¶ 56, citing *Chase Home Finance, LLC v. Fequiere*, 119 Conn.App. 570, 577 (2010), fn. 7, quoting Black's Law Dictionary (9th Ed.2009). " 'The use of an allonge to add indorsements to an instrument when there is no room for them on the instrument itself dates from early common law.' " *Id.*, quoting *Southwestern Resolution Corp. v. Watson*, 964 S.W.2d 262, 263 (Tex.1997). R.C. 1303.24(A)(2) provides that the allonge must be "affixed" to the instrument in order for the signature to be considered part of the instrument.

{¶ 20} Initially, from the record before us, we are unable to determine if the indorsements by Barclays, Norwest, and BU were on an allonge to the note or on the original note. The record before us is an electronic file, which prevents us from examining the original papers. However, the final three indorsements appear on the fourth page of the note, and the first three pages of the note are labeled "Page 1 of 3," "Page 2 of 3," and "Page 3 of 3." The fourth page does not contain any pagination. Thus, it was either an allonge, a blank page that was actually attached to the original note, or the back side of one of the original pages of the note. Importantly, we can find no reference in the record that the note contained an allonge, and the trial court never made any finding or even mentioned that the final three indorsements were on an allonge. Equally unobvious from the record before us is whether the fourth page was "affixed" to the note. Therefore, Byers has failed to demonstrate any error before this court in these respects.

{¶ 21} Nevertheless, as for the remaining arguments, there is no requirement that indorsements on a negotiable instrument be dated. *Wells Fargo Bank, N.A. v. Roehrenbeck,* 5th Dist. No. 13 CA 29, 2013-Ohio-5498, ¶ 15. Furthermore, Byers does not

develop her argument that the note was missing "unbroken sequential indorsements." We have already addressed the indorsements and found them to be valid. For all of the foregoing reasons, we find the trial court did not err when it found Wells Fargo had standing to bring the present foreclosure action against Byers. Therefore, we overrule Byers' assignment of error.

{¶ 22} Accordingly, Byers' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

_____