[Cite as *H.S.B.C. Bank U.S.A. v. Brinson*, 2018-Ohio-3467.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HSBC BANK USA

    Appellee

    v.

EVIS BRINSON, et al.

    Appellants

C.A. No.      28783

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-10-4994

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

CALLAHAN, Judge.

{¶1} Appellants, Evis and Alisha Brinson, appeal from the judgment of the Summit County Common Pleas Court in favor of Appellee, HSBC Bank USA ("HSBC Bank"). For the reasons set forth below, this Court reverses and remands.

I.

{¶2} HSBC Bank filed a complaint to foreclose on the Brinsons' residential mortgage and to obtain a personal judgment against Mr. Brinson on the note. HSBC Bank moved for summary judgment on the complaint. The Brinsons opposed the summary judgment motion by arguing that HSBC Bank lacked standing to bring the foreclosure action and HSBC Bank was estopped from obtaining a judgment against Mr. Brinson in the full amount due to a partial loan forgiveness. The trial court struck the Brinsons' cross-motion for summary judgment and supplement in support of their summary judgment. Additionally, the trial court denied the

Brinsons' motion for reconsideration as to its prior order and denied their motion to submit additional evidence.

{¶3} After a bankruptcy stay and a stay for a short sale review, the trial court granted HSBC Bank's motion for summary judgment. The Brinsons timely appeal from this judgment entry, asserting two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN GRANTING [HSBC BANK'S] MOTION FOR SUMMARY JUDGMENT WHEN [HSBC BANK] COULD NOT ESTABLISH STANDING.

{¶4} The Brinsons argue that the trial court erred in granting summary judgment to HSBC Bank because it could not establish standing due to a broken chain of title. This Court agrees.

{¶5} Appellate courts consider an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court uses the same standard that the trial court applies under Civ.R. 56(C), viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *See Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record.

{¶6} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party,

reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once the moving party satisfies this burden, the nonmoving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). The nonmoving party "may not rest upon the mere allegations or denials of his pleadings," but instead must submit evidence as outlined in Civ.R. 56(C). *Id.*, quoting Civ.R. 56(E).

{¶8} The plaintiff moving for summary judgment in a foreclosure action must present

evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.

*The Bank of New York Mellon v. Bridge*, 9th Dist. Summit No. 28461, 2017-Ohio-7686, ¶ 10, quoting *Bank of Am., N.A. v. Edwards*, 9th Dist. Lorain Nos. 15CA010848, 15CA010851, 2017-Ohio-4343, ¶ 10. The Brinsons allege that HSBC Bank failed to meet its *Dresher* burden with regard to its "right to enforce the mortgage [and the note] via an unbroken series of transfers." To support their position, the Brinsons rely upon a 2010 Loan Modification which was not included in the documents relied upon by HSBC Bank to establish its standing to file the foreclosure complaint and the unbroken chain of title. The Brinsons' reliance upon the 2010 Loan Modification is appropriate for consideration once the *Dresher* burden shifts to them to

create a genuine issue of material fact. Because this Court must first determine whether HSBC Bank met its initial *Dresher* burden, we will initially limit out review to the documents produced by HSBC Bank in support of its motion for summary judgment.

{¶9} A plaintiff in a foreclosure action must have standing at the time it files the complaint in order to invoke the jurisdiction of the court. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. In order to have standing to foreclose a mortgage and to seek a judgment on a note, the plaintiff must hold both the note and the mortgage prior to filing the complaint. *See Bridge* at ¶ 20, citing *Bank of Am., N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8. *See also Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 35.

**Note**

{¶10} R.C. 1303.31(A) identifies three classes of persons who are "'entitled to enforce' an instrument" such as a note. As pertinent to this matter, one of the classes is the "holder" of the note.[1] R.C. 1303.31(A)(1). Generally, a person is a holder of the note by having physical possession of the note, which is either indorsed to that person or indorsed in blank. R.C. 1301.201(B)(21)(a). "When an instrument is indorsed in blank," i.e., it does not identify the payee, "the instrument becomes payable to bearer and may be negotiated by transfer of possession alone * * *." R.C. 1303.25(B). Thus, "[t][he holder of a note [i]ndorsed in blank is the possessor of the note." *McCormick*, 2014-Ohio-1393, at ¶ 8.

{¶11} "Under Ohio law, the right to enforce a note cannot be assigned; rather, the note must be negotiated in conformity with Ohio's version of the Uniform Commercial Code." *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, ¶ 16, citing *In*

---

[1] HSBC Bank limits its argument to the context of it being a holder of the note.

*re Wells*, 407 B.R. 873, 880 (N.D.Ohio 2009). Generally, an assignment of a note creates a claim to ownership and not a transfer of the right to enforce the note. *Byers* at ¶ 16. However, it is possible for an assignment of the note to be made by negotiation under R.C. 1303.21(A) or transfer pursuant to R.C. 1303.22(A). *Id*. "Negotiation" is the transfer of possession of the note "to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). The "transfer" of an instrument occurs when the note is physically delivered "for the purpose of giving the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A).

{¶12} In this matter, HSBC Bank asserted that it was entitled to enforce the note because the note was bearer paper and HSBC Bank was in possession of the note. HSBC Bank attached the note, which reflected the original payee as being Quicken Loans, Inc. The note contained two indorsements. The first indorsement was from Quicken Loans, Inc. to IndyMac Bank, F.S.B. and the second indorsement was in blank from IndyMac Bank, F.S.B. There were no dates on either of the indorsements.

{¶13} HSBC Bank also attached an "Assignment of Note and Mortgage" dated February 25, 2010. (Emphasis deleted.) In its summary judgment motion, HSBC Bank misstated the title of this document as being an "Assignment of Mortgage" and only presented this document in support of the chain of title as to the mortgage. HSBC Bank failed to address the application of the February 2010 assignment relative to the note.

{¶14} In this assignment, Mortgage Electronic Registration Systems, Inc. acting as nominee for Quicken Loans, Inc. ("Quicken Loans") "for valuable consideration" "s[old], assign[ed], transfer[red] and set over" to HSBC Bank USA, National Association as Trustee for DALT 2007-AR3 ("HSBC 1"), "the Mortgage Deed * * * together with the Promissory Note." Based on the language contained in the assignment, there was evidence that the assignment

included a negotiation or transfer of the note from Quicken Loans to HSBC 1. *Contra Byers*, 2014-Ohio-3303, at ¶ 17. However, there was no subsequent assignment of the note from HSBC 1 to HSBC Bank.

{¶15} Instead, HSBC Bank attached a second assignment titled "Assignment of Mortgage" dated July 30, 2015. (Emphasis deleted.) Unlike the 2010 assignment, the 2015 assignment between HSBC 1 and HSBC Bank did not explicitly reference the transfer of the note. However, HSBC Bank, in its motion for summary judgment regarding the mortgage, cited to *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, for the proposition that "an [a]ssignment of [m]ortgage may serve to transfer both the note and the mortgage." Despite citing this case law, HSBC Bank did not apply this principle of law to argue that the July 2015 Assignment of Mortgage served to transfer the note to it and, thus, this Court cannot consider such an application of law now. *See Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9, quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 Ohio App. LEXIS 3789, *3-4 (Aug. 18, 1999) ("'Although this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below.'" (Emphasis sic.)

{¶16} HSBC Bank also submitted an affidavit from a contract management coordinator at Ocwen Loan Servicing, LLC, the servicer for HSBC Bank. The affiant averred that based on the business records summarized in the affidavit, HSBC Bank was the holder of the promissory note. These business records included, but were not limited to, the note with indorsements, the mortgage, and the two assignments. These documents, however, contained conflicting chains of

title as to how and when HSBC Bank came into possession of the note. Yet, the affidavit did not address the contradictory evidence.

{¶17} Instead, the affiant averred that HSBC Bank had been in possession of the original promissory note "[f]rom at least the time of the filing of the [c]omplaint, and at all times continuously since." While the affidavit stated that HSBC Bank was in possession of and was the holder of the note at the time the complaint was filed, the affidavit did not specify when or how HSBC Bank obtained possession of the note, i.e., based on the blank indorsement or the two assignments. *See BAC Home Loans Serv., LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶9, citing *Everhome Mtge. Co. v. Rowland*, 10th Dist. Franklin No. 07AP-615, 2008-Ohio-1282, ¶ 15. Because the note was undated and indorsed in blank, the affiant could not have had personal knowledge of when HSBC Bank came into possession of the note based solely on the note and its indorsements. *See Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 14. Further, the conflicting business records identified in the affidavit do not support the affiant having personal knowledge regarding HSBC Bank's status as the holder of the note. *See id*.

{¶18} While HSBC Bank relied solely on the indorsements on the note to establish that it was the holder of the note and the chain of title of the note, HSBC Bank submitted two assignments that called into question its standing to enforce the note and the chain of title of the note. Accordingly, HSBC Bank has failed to meet its initial *Dresher* burden of demonstrating the absence of genuine issues of material fact as to the chain of title for the note and standing to enforce the note.

**Mortgage**

{¶19} In its summary judgment motion regarding its status as the current mortgagee, HSBC Bank cited case law regarding the principle of equitable assignment of mortgage. Despite citing this case law, HSBC Bank did not argue in the alternative that it was the current mortgagee based upon an equitable assignment of the mortgage. Instead, HSBC Bank concluded that it was the current mortgagee based strictly on the two assignments and an affidavit from its servicer authenticating the assignments. On appeal, HSBC Bank asserts, for the first time, the alternative argument of equitable assignment of mortgage. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. Accordingly, we will not consider HSBC Bank's equitable assignment of mortgage argument.

{¶20} As addressed above, HSBC Bank submitted the February 2010 Assignment of Note and Mortgage which transferred both the note and the mortgage from Quicken Loans to HSBC 1. Additionally, HSBC Bank filed the June 2015 Assignment of Mortgage which assigned the mortgage from HSBC 1 to HSBC Bank. HSBC Bank relied solely on these two assignments to argue that it had an unbroken chain of title as to the mortgage. However, this Court must also consider the other evidence submitted by HSBC Bank, namely the note with indorsements from Quicken Loans, Inc. to IndyMac Bank, F.S.B. and then in blank. The affidavit did not address why there was an indorsement from Quicken Loans, Inc. to IndyMac Bank, F.S.B., but no assignment of mortgage between those two entities and instead an Assignment of Note and Mortgage from Quicken Loans, Inc. to HSBC 1.

{¶21} Accordingly, the assignments of mortgage in the record do not track with the purported indorsements on the note. Because of the discrepancy between the assignments and the

indorsements, HSBC Bank has failed to meet its initial *Dresher* burden of demonstrating the absence of genuine issues of material fact as to the chain of title for the mortgage and standing to foreclose the mortgage.

**HSBC Bank's Other Arguments**

**{¶22}** On appeal, HSBC Bank argues that the Brinsons waived any defense regarding standing because they failed to timely raise the affirmative defense in their answer. Instead, the Brinsons raised the issue of standing in their response to HSBC Bank's summary judgment motion. "A lack of standing defense may be raised at any time during the proceedings, but it does not affect the subject-matter jurisdiction of a court nor can it be used to collaterally attack a judgment." *Church at Warren v. Warzala*, 11th Dist. Trumbull No. 2016-T-0073, 2017-Ohio-6947, ¶ 17, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, paragraphs two and three of the syllabus. *See also McFerren*, 2013-Ohio-3228, at ¶ 6. Accordingly, HSBC Bank's waiver argument is not well-taken.

**{¶23}** Additionally, HSBC Bank contends that the Brinsons "lack standing to challenge the propriety of the assignments of the mortgage" because they were not parties to the assignments or indorsements and thus cannot challenge HSBC Bank's "status as the assignee and holder of the [n]ote and [m]ortgage." HSBC Bank misconstrues the Brinsons' argument. The Brinsons questioned the existence of assignments, not the validity of the assignments. The Brinsons challenged whether HSBC Bank could "establish chain of title" based on the assignments and transfers in the record. And chain of title was one of the essential elements HSBC Bank needed to establish in order to obtain summary judgment in this matter. *See Bridge*, 2017-Ohio-7686, at ¶ 10.

**Conclusion**

{¶24} After consideration of HSBC Bank's evidence, this Court concludes that HSBC Bank has failed to meet its initial *Dresher* burden of demonstrating the absence of genuine issues of material fact regarding the chain of title for the note and mortgage and its standing to enforce the note and foreclose the mortgage. Accordingly, the trial court erred in granting summary judgment in favor of HSBC Bank as against the Brinsons on the foreclosure claim and against Mr. Brinson on the personal judgment claim.

{¶25} The Brinsons' first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN AWARDING THE FULL JUDGMENT
AMOUNT DEMANDED BY [HSBC BANK] DESPITE EVIDENCE OF A
PRIOR LOAN FORGIVENESS.

{¶26} Mr. Brinson contends that the trial court abused its discretion when it failed to fashion a remedy under its equitable powers as to the personal judgment. Mr. Brinson asserts that HSBC Bank was estopped from seeking a judgment for the full amount of the original loan because HSBC Bank had reported a loan forgiveness to the IRS. Based upon the resolution of the first assignment of error, this Court declines to address Mr. Brinson's second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶27} Evis and Alisha Brinson's first assignment of error is sustained and this Court declines to address Mr. Brinson's second assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

COLIN G. SKINNER, Attorney at Law, for Appellants.

JOHN R. WIRTHLIN and CHRISSY DUNN DUTTON, Attorneys at Law, for Appellee.