[Cite as *Yemma v. Leber Real Estate, Ltd.*, 2022-Ohio-3289.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

DANIEL R. YEMMA, TREASURER, MAHONING COUNTY, OHIO,

Plaintiff,

v.

LEBER REAL ESTATE, LTD., ET AL.,

Defendants-Appellees,

and

GF CAPITAL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0069**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 00094

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Scott R. Cochran,* 19 East Front Street, Youngstown, Ohio 44503, for Defendant-Appellee Leber Real Estate, LTD and

*Atty. David H. Wallace, Atty. William A. Doyle, Atty. Ashley M. Bailes,* Taft Stettinius & Hollister LLP, 200 Public Square, Suite 3500, Cleveland, Ohio 44114, and *Atty. Daniel*

*G. Keating*, Keating Law Office, 170 Monroe Street NW, Warren, Ohio 44483, Defendant-Appellant GF Capital.

Dated: September 16, 2022

**D'Apolito, J.**

{¶1} Appellant, GF Capital, appeals the judgment entry of the Mahoning County Court of Common Pleas entering summary judgment on its cross-claims for breach of a promissory note and foreclosure in favor of Appellee, Leber Real Estate Ltd. and against Appellant, and entering summary judgment on Appellee's cross-claim for declaratory judgment in favor of Appellee and against Appellant. The trial court concluded that Appellant was not a holder of the promissory note at issue in this case ("Note"), and as a consequence, Appellant had no standing to enforce the Note. For the following reasons, the judgment entry of the trial court is affirmed.

{¶2} On January 13, 2020, the Mahoning County Treasurer ("Treasurer") initiated this foreclosure action against Appellee based on a tax lien on the property located at 5325 Seventy Six Drive, Austintown, Ohio 44515 ("Property"). Appellant was named in the suit as a party that had a potential interest in the Property, along with Wells Fargo Foothill and Wells Fargo Bank National Association, and several other parties that are not relevant to this appeal.

{¶3} Attached to the complaint was the statutorily-mandated judicial title report pursuant to R.C. 2329.191, which established the following relevant potential interests in the Property:

Original Mortgage and Note for $1,250,000.00 from Appellee to Russell Gaines (Trustee) to and for the benefit of Southwest Guaranty, Ltd filed 12/27/2006;

Transfer of Note and Lien from Southwest Guaranty Ltd. to Southwest Guaranty Partners, LLC filed 12/27/2006;

Assignment of Leases and Rents from Appellee to Southwest Guaranty Ltd. filed 12/27/2006;

Case No. 21 MA 0069

Collateral Assignment of Mortgage and Loan Documents from Southwest Guaranty Partners LLC to Wells Fargo Foothill, Inc. filed 12/27/2006;

Transfer of Note and Lien from Southwest Guaranty Partners LLC to Southwest Guaranty Investors Ltd. filed 12/9/2008;

Assignment of Promissory Note and Deed of Trust from Southwest Guaranty Investors Ltd to Wells Fargo Bank, National Association filed 12/9/2008;

Transfer of Note and Lien from Southwest Guaranty Investors Ltd to Appellant filed 8/22/2013;

Release of Assignment of Promissory Note and Deed of Trust by Wells Fargo Bank, National Association filed 8/22/2013.

**{¶4}** The supporting documentation for each of the assignments and transfers was included within the title report, including a document captioned, "Transfer of Note and Lien," transferring the Note and mortgage to Appellant.

**{¶5}** The Treasurer's complaint was amended on September 9, 2020, and again on September 18, 2020. On October 14, 2020, Appellee filed an answer to the second amended complaint as well as the cross-claim against Appellant for seeking a declaratory judgment, which is currently before us on appeal, in which Appellee argued that Appellant had no interest in the Property. On November 16, 2020, Appellant filed an answer to the second amended complaint, as well as the cross-claims against Appellee for breach of the Note and foreclosure currently before us on appeal.

**{¶6}** Appellant attached a copy of the original Note to its answer and cross-claim. The Note contains two indorsements: The first reads, "[p]ay to the Order of Southwest Guaranty Partners LLC" without recourse or warranties from a representative of Southwest Guaranty, Inc. The second reads, "[p]ay to the Order of Wells Fargo Foothill, Inc." and was executed by a representative of Southwest Guaranty Partners LLC. The copy of the Note does not contain an indorsement to Appellant and no allonge is affixed to the Note.

{¶7}    The Note is captioned "Exhibit A-1" and is attached to the answer and cross-claim.  "Exhibit A-2" is the assignment of leases.  "Exhibit A-3" is the waiver of priority/subordination of mortgage" from Port Petroleum Company, Inc. "Exhibit A-4" is the assignment of the promissory note and mortgage from Southwest Guaranty, Ltd. to Southwest Guaranty Partners, LLC. filed with the County Recorder on December 20, 2006.  "Exhibit A-5" is the Transfer of Note and Lien from Southwest Guaranty Partners, LLC to Southwest Guaranty to Southwest Guaranty Investors, Ltd. filed on December 9, 2008.  "Exhibit A-6" is the Transfer of Note and Lien from Southwest Guaranty Investors, Ltd. to [Appellant] filed on August 22, 2013. "Exhibit A-7" is the allonge from Southwest Guaranty Investors, Ltd. to Appellant dated July 23, 2013.

{¶8}    On January 5, 2021, the Treasurer filed a motion for summary judgment seeking foreclosure and a determination of the parties that had an interest in the Property. Neither party to this appeal opposed the foreclosure motion. The Treasurer also sought default judgments against Wells Fargo Foothill and the other entities that had failed to assert an interest in Property.

{¶9}    On April 16, 2021, the trial court issued an order granting a motion for leave to withdraw filed by Appellant's counsel, and ordered Appellant to obtain new counsel and notify the Court of new counsel within 30 days.  The trial court also set a non-oral hearing on the foreclosure motion for June 28, 2021. No notice was provided to the trial court by Appellant as required and new counsel did not file an appearance within the required time.

{¶10} On May 21, 2021, Appellee filed a motion for summary judgment on its cross-claim against Appellant and on Appellant's cross-claims for breach of contract and foreclosure.  Appellee predicated its motion on the judicial title report and the documents incorporated into the pleadings by Appellant, and argued that Appellant could not demonstrate an unbroken chain of title to the Note.

{¶11} Appellee argued that Wells Fargo Foothill, Inc. and Wells Fargo Bank National Association did not release their interests in the Note prior to the transfer to Appellant.  Contrary to Appellee's argument, Wells Fargo Bank National Association released its interest on the same day that the Note was transferred to Appellant. Appellee

did not advance any argument in its motion for summary judgment with respect to the missing allonge.

**{¶12}** On June 28, 2021, the date of the non-oral hearing, new counsel for Appellant filed an appearance and sought leave to file a response to Appellee's motion for summary judgment. The trial court did not rule on the request for leave on the record, but Appellant filed its response brief on July 2, 2021.

**{¶13}** In the response brief, Appellant argued that the various assignments of the Note did not invalidate Appellant's status as a holder in due course because there was no evidence in the record that the Note had been in the possession of any party other than Appellant.

**{¶14}** The affidavit of Scott Lissoy, President of Appellant, is attached to Appellant's opposition brief. Documents attached to the affidavit are authenticated and incorporated. The Note has the same indorsements as the copy of the Note incorporated into the Appellant's answer and cross-claims and also a stamp that reads "original." The Lissoy affidavit reads, in pertinent part, "[Appellant] is in physical possession of all of the Loan Documents and, if called upon, could present them." (Lissoy Aff., ¶ 23.) In paragraph nine of his affidavit, Lissoy defines the phrase "loan documents" as " 'the Mortgage,' collectively with the Note."

**{¶15}** Parroting the requirements of R.C. 1303.32, captioned "Holder in due course," Lissoy avers that: (1) the Note bears no evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity; and (2) Appellant took the Note for value and in good faith, without notice that the instrument contains an unauthorized signature or has been altered, without notice of any claim to the instrument as described in section 1303.36 of the Revised Code, and without notice that any party has a defense or claim in recoupment described in division (A) of section 1303.35 of the Revised Code. (*Id.*, ¶ 19.)

**{¶16}** Lissoy further avers that the Note is indorsed to Appellant. He cites an allonge dated July 23, 2013. (*Id.*, ¶ 21.) Relevant to the current appeal, the copy of the Note bears staple marks, but the copy of the allonge does not. Although Lissoy avers that Appellant is in physical possession of the Note, he does not aver that the allonge was attached or affixed to the Note.

Case No. 21 MA 0069

**{¶17}** The allonge reads, in relevant part:

## ALLONGE

Allonge to that one certain Note dated December 20, 2006, in the prinicipal amount of $1,250,000, executed by LEBER REAL ESTATE, LTD., and originally made payable to the order of SOUTHWEST GUARANTY, LTD.

Pay to the order of [APPELLANT].

The allonge is signed by the president of Southwest Guaranty Investors, Ltd. The signature is dated July 23, 2013.

**{¶18}** Appellee filed a reply brief on July 6, 2021. Appellee argued that Appellant failed to demonstrate that it was the holder of the note due to the failure to offer any evidence that the allonge was affixed to the note.

**{¶19}** In the decree of foreclosure and judgment entry issued on July 14, 2021, the trial court summarily concluded that Appellant was not the holder of the Note and lacked standing to proceed on its breach of contract and foreclosure claims. The trial court further concluded that the other potential parties failed to establish any interest in the Property and that, after the superior interest of the Treasurer, Appellee was the only remaining party with an interest in the Property. As a consequence, the trial court granted the Treasurer's unopposed motion for summary judgment for foreclosure and Appellee's motion for summary judgment against Appellant on all claims.

**{¶20}** This timely appeal followed.

## STANDARD OF REVIEW

**{¶21}** This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can

come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶22}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

**{¶23}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## ANALYSIS

**{¶24}** Appellant advances a single assignment of error:

**THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT AND IN FAILING TO ENTER SUMMARY JUDGMENT FOR [APPELLANT].**

**{¶25}** Within the single assignment of error, Appellant asserts several sub-arguments: (1) the trial court erred in concluding that Appellant is not a holder of the Note with standing to foreclose on the Property; (2) Appellee lacks standing to challenge the

assignment of the Note to Appellant because Appellee suffered no injury as a result of the assignment (raised for the first time on appeal); (3) Appellee is estopped from asserting that Appellant has no interest in the Note based upon its past payments to Appellant (raised for the first time on appeal); (4) Appellant holds the superior lien on the Property, but for the Treasurer's lien; and (5) based on the uncontroverted evidence in the record, the trial court should have entered summary judgment in favor of Appellant, despite the fact that Appellant did not file a motion for summary judgment.

**{¶26}** "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. Standing is jurisdictional, and therefore, we review the trial court's dismissal of Appellant's cross-claim for lack of standing de novo.

**{¶27}** "Under Ohio law, the right to enforce a note cannot be assigned; rather, the note must be negotiated in conformity with Ohio's version of the Uniform Commercial Code." *HSBC Bank USA v. Brinson*, 9th Dist. No. 28783, 2018-Ohio-3467, 118 N.E.3d 1140, ¶ 11, quoting *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, 2014 WL 3740328, ¶ 16, citing *In re Wells*, 407 B.R. 873, 880 (N.D.Ohio 2009). Generally, an assignment of a note creates a claim to ownership, not a transfer of the right to enforce the note. *HSBC* at ¶ 11; *Byers* at ¶ 16.

**{¶28}** However, a note may be transferred by negotiation under R.C. 1303.21(A). *Id.* "Negotiation" is the transfer of possession of the note "to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. R.C. 1303.21(B). If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. The "transfer" of an instrument occurs when the note is physically delivered "for the purpose of giving the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A).

**{¶29}** An allonge is a "slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Fed. Natl. Mtge. Assn. v. Brown*, 7th Dist. Columbiana No. 16 CO 0008,

2017-Ohio-9237, ¶ 51.   R.C. 1303.24, captioned "indorsements," requires that indorsements be on an instrument, or in papers "affixed to the instrument," and reads in relevant part:

> (A)(1) "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for any of the following purposes:
>
> (a) To negotiate the instrument;
>
> (b) To restrict payment of the instrument;
>
> (c) To incur the indorser's liability on the instrument.
>
> (2) Regardless of the intent of the signer, a signature and its accompanying words is an "indorsement" unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

{¶30} The current version of the Uniform Commercial Code, codified as R.C. 1303.24(A)(2), allows allonges even where room exists on the note for further indorsements.   However, the paper must be affixed to the instrument in order for the signature to be considered part of the instrument.  *HSBC Bank USA v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, 2010 WL 3451130, ¶ 66.

{¶31} The Eighth District recently held that, where a claim is filed on a lost note, and the separate allonge is attached to a note after the note is found, the transfer of the note is ineffectual. The allonge must be attached to the note at the time the claim is filed. *Id.* at ¶ 48.  *SMS Financial XXVI, L.L.C. v. Waxman Chabad Ctr.*, 8th Dist. No. 110374, 2021-Ohio-4174, 180 N.E.3d 730, ¶ 46.

{¶32} Likewise, in *HSBC Bank USA*, *supra,* the Second District concluded that an allonge presented on "separate, loose sheets of paper, with no explanation as to how they may have been attached" to the note, were insufficient to establish holder status.

Case No. 21 MA 0069

Similarly, in *In re Weisband,* 427 B.R. 13, (Bankr.D.Ariz. 2010), the bankruptcy court concluded that GMAC was not a "holder" and did not have ability to enforce a note, where GMAC failed to demonstrate that an allonge indorsement to GMAC was affixed to a note. The bankruptcy court noted that the indorsement in question was on a separate sheet of paper, and there was no evidence that it was stapled or otherwise attached to the rest of the Note. *Id.* at 19.

**{¶33}** Appellant cites several Ohio cases for the proposition that "when a party is in possession of a note and allonge, it is " 'not required to aver that the allonge was physically attached to the note in order to establish [its] holder status' ." Appellant's Brf. at p. 2, quoting *Wilmington Trust, N.A. v. Boydston*, 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, ¶ 25. However, the note in *Boydston* was indorsed in blank. Appellant likewise cites *MorEquity, Inc. v. Gombita*, 2018-Ohio-4860, 125 N.E.3d 300, ¶ 37 (8th Dist.). Like the *Boydston* note, the *MorEquity* note was indorsed in blank.

**{¶34}** Appellant also cites *U.S. Bank N.A. v. O'Malley*, 2019-Ohio-5340, 150 N.E.3d 532 (8th Dist.) for the same proposition. However, the Eighth District relied on the following evidence in the record in that case to conclude the allonges were physically attached to the note at the time the case was filed:

> A promissory note and two allonges were attached to the 2015 complaint and U.S. Bank's motion for summary judgment. The note and allonges attached to the 2015 complaint and motion for summary judgment were identical. While the Syphus affidavit attached to U.S. Bank's motion for summary judgment referenced the note as Exhibit A — and did not mention the allonges — both the note and allonges were included as Exhibit A to the affidavit. Likewise, the promissory note and allonges were attached together as Exhibit A to the 2015 complaint. We can reasonably infer that when Syphus referenced the note he was referring to the note and the two allonges that were provided as one exhibit.

*Id.* at ¶ 36.

**{¶35}** Here, the Note, attached at Exhibit A-1 to the Lissoy affidavit, does not have the allonge attached or affixed to it. Instead, a copy of the allonge was provided separate and apart from the Note at Exhibit A-7 to the Lissoy affidavit. Further, the copy of the Note (stamped "original") bears staple marks, but the copy of the allonge does not. Therefore, *O'Malley* is distinguishable based on the facts.

**{¶36}** Accordingly, we find that Appellant is not a holder of the Note. In order to be a holder of the Note in this case, Appellant must be an identified person that is the person in possession. The Lissoy affidavit establishes that Appellant is in possession of the Note. Appellant relies on the allonge to establish that it is the "identified person." However, in Ohio, the allonge must be affixed to the Note. Lissoy does not aver that the allonge was attached to the Note. Further, we cannot conclude based on the record in this case, where the allonge is attached as a separate exhibit to the Lissoy affidavit, that the allonge was attached to the Note. Therefore, we find that Appellant does not have standing to enforce the Note.

**{¶37}** Next, Appellant asserts that Appellee lacks standing to challenge the assignment of the Note to Appellant because Appellee suffered no injury as a result of the assignment. Appellant further argues that Appellee is estopped from asserting that Appellant has no interest in the Note based upon its past payments to Appellant. Both arguments are raised for the first time on appeal. However, a party cannot raise a new issue in support of summary judgment for the first time on appeal. *Rice v. Columbiana Cnty. Bd. of Commrs.*, 7th Dist. Columbiana No. 20 CO 0031, 2022-Ohio-2078, ¶ 44.

**{¶38}** Finally, Appellant asserts that it owns a superior lien in this case but for the Treasurer's lien. Appellant cites *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, for the proposition that an invalid assignment cannot negate a valid negotiation of a note. Insofar as Appellant's argument is predicated upon its alleged status as a holder, the argument is meritless.

### CONCLUSION

**{¶39}** For the foregoing reasons, the entry of summary judgment on Appellant's cross-claims for breach of a promissory note and foreclosure in favor of Appellee, and the

entry of summary judgment on Appellee's cross-claim for declaratory judgment against Appellant are affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**