[Cite as *Bank of Am., N.A. v. Beato*, 2016-Ohio-8035.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | ) | CASE NO. 15 MA 0028 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN W. BEATO, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 2012 CV 00313

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Matthew J. Richardson
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio  43216-5028

For Defendant-Appellant:     Atty. Bruce M. Broyles
5815 Market Street, Suite 2
Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  December 7, 2016

WAITE, J.

{¶1}    Appellant John W. Beato appeals the January 26, 2015 decision of the Mahoning County Common Pleas Court to grant summary judgment in favor of Appellee Bank of America, N.A. in its foreclosure action.

{¶2}    In 2007, Appellant signed a promissory note for $540,000 and corresponding mortgage on 7220 Cobblers Run, Youngstown, Ohio  44514. Appellee was later assigned the note and mortgage.   Appellant subsequently defaulted on the loan.   On February 2, 2012, Appellee filed a complaint seeking judgment on the note and mortgage and asking for foreclosure on the property. Attached to the complaint was a copy of the note endorsed in blank, mortgage and assignment of mortgage.   Appellant filed a *pro se* answer on March 5, 2012. Appellee filed a motion for summary judgment on April 16, 2012.   Attached to the motion were a copy of the account information statement and the affidavit of Assistant Vice President of Bank of America, N.A., Alan Haben.  Haben averred that Appellant had defaulted under the terms of the note and mortgage by failing to make the monthly installment payments, that the debt had been accelerated, and that the total due under the note was the principal sum of $561,206.50 plus interest.

{¶3}    Appellant subsequently filed a Chapter 13 bankruptcy petition.   The matter was then subject to an automatic stay.   The stay was lifted and the instant matter was returned to the active docket on July 25, 2014.   Appellant filed a memorandum in opposition on October 24, 2014 and a motion to strike the Haben affidavit, as it allegedly failed to demonstrate that Appellee was in possession of the note.  Appellee filed a reply and filed an objection to the motion to strike, asserting

that the Haben affidavit laid a proper foundation to admit the business records and that Appellee had properly attached copies of the note, mortgage and assignment of mortgage to the complaint. Appellee also asserted that Appellant failed to present any evidence in support of his claims against Appellee's affidavit and evidence.

**{¶4}** On January 26, 2015, the trial court granted summary judgment in favor of Appellee, concluding that Appellee was entitled to a decree of foreclosure. This appeal followed. Based on the following, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT STILL IN DISPUTE.

**{¶5}** This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United,*

*Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶6}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E. 2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶7}** In an action for foreclosure, the mortgagor must establish an interest in the promissory note or mortgage in order to have standing in the action. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28; see also *Deutsche Bank Natl. Trust Co. v. Holden*, Slip Opinion No. 2016-Ohio-4603, paragraph one of the syllabus.

**{¶8}** Appellee filed its motion for summary judgment on April 16, 2012. Attached to the motion was an affidavit executed by Alan Haben, an authorized signer and an Assistant Vice President of Appellee. Haben averred that the

information contained in the affidavit came from Appellee's business records; that Appellee had possession of the note; and that Appellant had defaulted under the terms of the note and mortgage by failing to make his monthly payments. Haben further averred that the indebtedness had been accelerated and that the total due under the note was a principal sum of $561,206.50 plus interest. Attached to Haben's affidavit was an account information statement. The note endorsed in blank, mortgage, assignment of mortgage and certificate of merger were attached to Appellee's complaint.

{¶9} On appeal, Appellant argues that Haben's affidavit is not based on his personal knowledge that Appellee had possession of the note. Hence, Appellant argues the affidavit contains inadmissible hearsay and should not have been considered by the trial court. Specifically, Appellant claims that in Haben's affidavit he states that he reviewed the business records and that Appellee is in possession of the note, but that Haben did not attach any business records from which the court could determine that Appellee did have possession of the note. The only record attached to the affidavit was an account information statement of Bank of America regarding Appellant's loan.

{¶10} Pursuant to R.C. 1303.31, a holder of a note is entitled to enforce the instrument. A holder in possession is a person in possession of a negotiable instrument that is payable to either bearer or to an identified individual in possession. R.C. 1301.201(B)(21)(a). A note endorsed in blank is bearer paper. R.C.

1303.10(A)(2). As such, Appellee was required to show it had possession of the note when it filed the complaint in the foreclosure action. R.C. 1303.201(B)(21)(a).

**{¶11}** Evidence Rule 803(6) entitled: "Records of regularly conducted activity" provides that records of regularly conducted business activity are admissible as a hearsay exception if asserted to be "by the testimony of the custodian or other qualified witness." In order to be admissible pursuant to Evid.R. 803(6), a business record must satisfy four elements: (1) the record must have been kept in the regular course of business; (2) it must stem from a source that has personal knowledge of the acts, events or conditions; (3) it must have been recorded at or near the time of the transaction at issue; and (4) a foundation must be laid by testimony of the custodian of the record or some other qualified individual. *State v. Davis,* 116 Ohio St.3d 404, 429, 880 N.E.2d 31 (2008). The affiant need not have first-hand knowledge of the underlying transaction referenced in the business record. However, the witness must be "sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of his knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *U.S. Bank, N.A. v. Martin,* 7th Dist. No. 13 MA 107, 2014-Ohio-3874, ¶ 31 (citations omitted).

**{¶12}** Haben stated in his affidavit that he had personal knowledge of the procedures for creating the records in question:

The information in this affidavit is taken from BANA's business records. These records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) it is the regular practice of BANA to make such records. I have personally reviewed the attached records, and I make this affidavit from a review of those business records and from my personal knowledge of how said records are created and maintained.

(Haben Aff., ¶ 3.)

**{¶13}** Appellant cites *Deutsche Bank National Trust Co. v. Dvorak,* 9th Dist. No. 27120, 2014-Ohio-4652 for the contention that Haben failed to detail his job responsibilities in order to demonstrate his competency. On the contrary, Haben identifies his job title and specifically discussed his duties, stating, "[a]s part of my job responsibilities for BANA, I am familiar with the type of records maintained by BANA in connection with the Loan." (Haben Aff., ¶ 2.) Unlike *Dvorak,* where there were other defects with the record, this affiant has met the requirement for admissibility under Evid.R. 803(6). We have previously found that similar affidavits were sufficiently based on personal knowledge and affirmed the trial court's decision to grant summary judgment. *U.S. Bank, N.A. v. Martin, supra*; *U.S. Bank, N.A. v. Crow*, 7th Dist. No. 15 MA 0113, 2016-Ohio-5391. Moreover, the affidavit's averment that

the plaintiff was in possession of the note at the time the complaint was filed is further supported by the fact that a copy of the note endorsed in blank was attached to the complaint when it was filed. *Nationstar Mtge., L.L.C. v. Wagener,* 8th Dist. No. 101280, 2015-Ohio-1289.

**{¶14}** Appellant also contends that in his opposition to Appellee's motion for summary judgment he filed both deposition and trial testimony from two of Appellee's employees to show that Haben's reliance on Appellee's business records was misguided. However, Appellee objected to the documents as inadmissible for lack of certification pursuant to Civ.R. 56(C). Civ.R. 56(C) very specifically prescribes what evidentiary material may be considered in deciding a motion for summary judgment. "Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial." *Green v. B.F. Goodrich Co.,* 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist.1993). While Appellant attached alleged deposition and trial testimony, both from other cases in other jurisdictions, absent deponent signature or court reporter certification neither of these was admissible and could not appropriately have been considered by the trial court in making its determination.

**{¶15}** This record reflects that Appellee brought the instant foreclosure action against Appellant for defaulting on the mortgage. Appellee's affidavit in support of the summary judgment motion was sufficiently based upon personal knowledge and

was properly considered by the trial court. Appellant's assignment of error is without merit and is overruled.

{¶16} Accordingly, the trial court properly sustained Appellee's motion for summary judgment and granted foreclosure. The judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.