[Cite as *U.S. Bank v. Petrarca*, 2026-Ohio-293.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-4,

Plaintiff-Appellee,

v.

THOMAS W. PETRARCA et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0065**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CV 01099

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed in part.
Reversed and Remanded in part.

---

*Atty. William L. Purtell* and *Atty. Bryan L. Cockroft*, Reisenfeld & Associates LLC, for Plaintiff-Appellee

*Atty. Matthew M. Ries*, Harrington, Hoppe & Mitchell, Ltd., for Defendant-Appellant Thomas W. Petrarca

*Atty. Jason M. Rebraca*, Johnson and Johnson, for Defendant-Appellant Angela M. Petrarca

Dated:  January 30, 2026

---

**WAITE, P.J.**

**{¶1}** Appellants Thomas W. and Angela M. Petrarca are appealing the foreclosure judgment granted to Appellee. Appellants argue that Appellee had no standing to initiate a foreclosure action, that Angela had a pending loss mitigation application that should have prevented foreclosure, and that the evidence does not support the elements of a foreclosure claim. The record reveals Appellee's standing is apparent in multiple ways, including its possession of the promissory note that was indorsed in blank, as well as the assignment of the mortgage to Appellee. Further, Appellee and the loan servicer were not required to process another loss mitigation application after three prior applications had been denied. However, Appellants are correct that there is not enough evidence in the record to support granting Appellee summary judgment as to the basic elements of a foreclosure action. Appellants' first and third assignments of error are overruled, their second assignment is sustained, and the summary judgment is reversed. The case is remanded for further proceedings.

<u>Facts and Procedural History</u>

**{¶2}** On May 23, 2024, Appellee U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4 (U.S. Bank), filed a foreclosure complaint in the Mahoning County Court of Common Pleas, Case No. 2024 CV 01099. The defendants were Appellants Thomas and Angela Petrarca. The complaint alleged that Appellant Thomas executed a promissory note on February 24, 2006 for $960,000 at 6.5 percent interest. The complaint also alleged that

the note was in default and the entire balance was due and payable. The promissory note was in favor of First Place Bank. First Place Bank indorsed the note with "pay to the order of" GMAC Bank. GMAC Bank indorsed the note with "pay to the order of" GMAC Mortgage Corporation. GMAC Mortgage Corporation indorsed the note in blank with no "pay to the order of" name listed. A rubber-stamped name of "U.S. Bank National Association, as trustee for holders of Banc of America Corporation Pass-Through Certificates Series 2006-4" is printed near the bottom of the note, well underneath the indorsement signature of D. Harkness, agent for GMAC Mortgage Corporation.

{¶3}    It was alleged that both Appellants secured the note with a mortgage on property located at 6106 Pebble Beach Ct., Canfield, Ohio. The preliminary judicial report filed on June 10, 2024 states that the mortgage was executed in favor of First Place Bank on February 24, 2006, was assigned to MERS on February 24, 2006, and was then assigned to Appellee U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4 on October 30, 2023.

{¶4}    On August 21, 2024, Appellant Angela filed an answer. Her answer denied that U.S. Bank was the holder of the note and mortgage because of the slight name variation at the bottom of the note, among other defenses. On September 3, 2024, Appellant Thomas filed an answer, closely mirroring Angela's.

{¶5}    On November 19, 2024, Appellee filed a motion for summary judgment. The motion was premised on U.S. Bank's possession of Appellant Thomas' promissory note, indorsed in blank. Appellee alleged that it has been the holder of the note at all times relevant to this case. Importantly, Appellee also alleged that it provided an affidavit

from Diego Rojas, a contract management coordinator for PHH Mortgage Corporation ("PHH Mortgage"), the loan mortgage servicer for U.S. Bank, in support of its motion. However, the affidavit is not part of the record on appeal.

{¶6}   On January 9, 2025, Appellee filed a copy of the current promissory note and allonge that was attached to the note after the complaint was filed.  The allonge contains a special indorsement to U.S. Bank National Association, as trustee for Bank of America Funding Corporation Mortgage Pass Through Certificates, Series 2006-4.  While Appellants argued that the allonge was not attached to the note when the complaint was filed, Appellee contended that the allonge was not necessary to support its standing to sue.

{¶7}   On March 27, 2025, Appellants filed in opposition to Appellee's motion for summary judgment, and filed their own motion for summary judgment.  They attached the note and the allonge, both of which were already in evidence.  They also attached affidavits and other materials to support their claim that Appellant Angela filed a loss mitigation application, but offered no evidence addressing Appellee's standing to sue or other aspects of Appellee's motion for summary judgment.

{¶8}   On April 28, 2025, Appellee filed a memorandum in opposition to Appellants' motion for summary judgment.  It included an affidavit from Juliana Thurab, contract management coordinator for PHH Mortgage.  Ms. Thurab averred that based on her personal knowledge and review of PHH Mortgage business records, Appellee was the holder of the note, and PHH Mortgage was the loan servicer and keeper of the account records.  She averred that Appellants had been reviewed for loss mitigation four times, from July 2023 to December 2024.  Three of the reviews were based on a complete loss

mitigation packet and were denied. The fourth was dismissed in December 2024 because it was incomplete. She attached documentation showing that Appellee was "owner" of the loan. She submitted documentation of the loan payment history showing that the loan was in default.

{¶9} On June 23, 2025, the court denied Appellants' motion for summary judgment and granted Appellee's motion for summary judgment. The court found that $650,014.37 was due, including principal and interest, that the note was secured by the mortgage, and that Appellee was entitled to a decree of foreclosure. The property was ordered to be sold. Appellants filed this timely appeal on July 8, 2025. Appellants raise three assignments of error. We will address these assignments slightly out of order.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD STANDING TO FILE THE COMPLAINT.

{¶10} Appellants argue that Appellee did not have standing to sue on the promissory note at the time it filed its complaint. "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 41. A party has standing to prosecute a foreclosure action if it establishes either that (1) it was the holder of the note in question, or (2) it was assigned the mortgage. *Deutsche Bank Natl. Tr. Co. v. Holden*, 2016-Ohio-4603, ¶ 35; *Wells Fargo Bank, N.A. v. Cook*, 2016-Ohio-1060, ¶ 19 (7th Dist.). Whether a party has standing is reviewed de novo on appeal. *Cook* at ¶ 8.

{¶11} Appellants argue that an allonge made part of a promissory note must be attached to the note at the time of the filing of the complaint in order to establish standing, citing *Yemma v. Leber Real Estate, Ltd.*, 2022-Ohio-3289 (7th Dist.). They assert there is no question that the allonge was not part of the note when the complaint was filed, which Appellee does not dispute. Appellants argue that, without the allonge, the final "payable to" party on the note was U.S. Bank National Association, as Trustee for holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4. Appellants believe this is a different entity than Appellee, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4. The only difference between the two names is the language "for holders" appearing on the note. Appellants contend that this slight difference in the two names defeats Appellee's standing and that the complaint should have been dismissed.

{¶12} In this argument Appellants have offered no proof that Appellee is not the same entity as U.S. Bank National Association, as Trustee for holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4. They speculate in their assertion that Appellee is a different entity from the entity on their note.

{¶13} Appellants have not challenged or objected to the fact that Appellee was assigned the mortgage on October 30, 2023, and that Exhibit E attached to the complaint proves this fact. Based on *Holden* and this Court's longstanding position that a party has standing to sue in foreclosure by showing either an interest in the promissory note or an interest in the mortgage, it is unclear why Appellants raise this argument. *Holden* at ¶ 35; *Cook* at ¶ 19. "In an action for foreclosure, the mortgagor must establish an interest in

the promissory note or mortgage in order to have standing in the action." *Bank of Am., N.A. v. Beato*, 2016-Ohio-8035, ¶ 7 (7th Dist.), citing *Holden*. We note that Appellee is not seeking personal judgment on the note, and in fact cannot seek such judgment. The note was made without recourse. Appellee's complaint appropriately seeks foreclosure on the property. When a mortgagor defaults, the mortgagee ordinarily has three remedies available for it to pursue: a personal judgment on the promissory note, an action in ejectment, or an action in foreclosure. *Bridge Health Care Partners, LLC v. LTAH Real Estate Holdings, LLC*, 2022-Ohio-1053, ¶ 36 (7th Dist.). The only standing that Appellee is required to show is standing to foreclose on the mortgage. This record contains unrebutted evidence that Appellee was assigned the mortgage prior to the filing of the complaint.

{¶14} Assuming arguendo that Appellants could establish some basis for reversible error based on the indorsements on the note, it is clear their reliance on the *Yemma* case is unwarranted. *Yemma* does not stand for the proposition set forth by Appellants. The issue in *Yemma* was whether the allonge was properly and firmly attached to the note. A signature on an allonge, to be considered part of a negotiable instrument, must be "affixed to the instrument." R.C. 1303.24(A)(2). The reason this was important in *Yemma* was because GF Capital (the appellant in *Yemma*) was relying on the allonge to establish its standing to collect on the note and foreclose on the mortgage. The "payable to" party on the note absent the allonge was Southwest Guaranty Investors, Ltd., an entity unrelated to GF Capital, which was undisputed. Thus, the only matter under review was whether the allonge was properly affixed to the note, and so was enforceable. This is not an issue at all in the instant case.

**{¶15}** Appellants also rely on *Schwartzwald* to support their conclusion that Appellee had no standing. *Schwartzwald* is typically cited for the proposition that standing, in a mortgage foreclosure case, is a jurisdictional matter to be determined at the time the complaint is filed, and cannot be cured after the fact. *Id.* at ¶ 24, 39. Although proof of standing may be introduced after the complaint is filed, it must show that the plaintiff's interest in the note or mortgage existed before filing the complaint. The holding in *Schwartzwald* was later clarified in *Bank of America, N.A. v. Kuchta*, 2014-Ohio-4275, which concluded that the jurisdictional matter regarding standing in foreclosure actions referred to the court's jurisdiction over a particular case, and not subject matter jurisdiction. *Id.* at ¶ 22.

**{¶16}** Appellants, relying on *Schwartzwald*, assert that Appellee had no standing when the case was filed, and that this lack of standing could not be later cured.

**{¶17}** *Schwartzwald* is distinguishable from the facts of the instant case in the same way that *Yemma* was distinguished. In *Schwartzwald*, the note and mortgage were held by Wells Fargo Bank, N.A., which was a different entity than the plaintiff, Federal Home Loan Mortgage Company. There was no dispute these were two different entities. The plaintiff tried to correct its lack of standing after the fact by using Civ.R. 17(A) to substitute a party. *Schwartzwald* held that this type of substitution could not cure the plaintiff's lack of standing at the time the complaint was filed. Again, this is not the situation presented in the instant case. Appellee claims it had standing when it filed its complaint in this matter, and its attempt to clarify the slight discrepancy in how its name was listed did not reveal a problem with standing, as it has been both the holder of the note and the assignee of the mortgage long before the complaint was filed.

Case No. 25 MA 0065

**{¶18}** Appellee asserted at all times that the words "for holders" has no legal significance regarding Appellee's identity, its rights as holder of the note, and its standing to foreclose on the mortgage. Appellee argues that the words "for holders" is implied in its title, because its position as trustee is on behalf of those who hold Banc of America Corporation Mortgage Pass-Through Certificates, Series 2006-4. Appellants cite to nothing other than the words "for holders" to claim that Appellee is not the same entity listed on the bottom of the note, but have offered no proof in support of this claim, as there is none.

**{¶19}** Lack of standing is a meritorious defense that must be proven. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998). This matter involves summary judgment proceedings, Appellants were required to submit evidentiary materials to support summary judgment, such as depositions, written admissions, affidavits, stipulations, etc. Civ.R. 56(C). Appellants did not submit evidence to rebut Appellee's evidence that it is the real party in interest in this case. In fact, Appellants' own submissions support Appellee's contention.

**{¶20}** Appellee was in possession of the note indorsed in blank. Thus, it was a holder under R.C. 1301.201(B)(21)(a). The indorsement is in blank because GMAC Mortgage Corporation indorsed the note with no "payable to" party listed. " 'Blank indorsement' means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B). An indorsement can become a special indorsement by writing a "payable to" name above the indorsement. R.C. 1303.25(C).

Case No. 25 MA 0065

This did not occur when GMAC Mortgage Corporation indorsed the note. The indorsement by GMAC Mortgage Corporation created a blank indorsement, allowing the holder of the note to sue on the note.

{¶21} After the note became payable to bearer, it shows that the most recent bearer was U.S. Bank National Association, as Trustee for holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-4, as noted by the imprint as the last item on the note. That imprint does not have a "payable to" reference and does not change the nature of the note as bearer paper. Although Appellants claim that it is impossible to ascertain the sequence of indorsements on the note, it is actually quite simple and logical. The indorsements first occurred on the lower side of the note on the left starting at the bottom, then followed to the lower side of the note on the right. There is no other logical way to interpret the indorsements.

{¶22} As the holder of the bearer note, Appellee was entitled to enforce the note, pursuant to R.C. 1303.31(A)(1), and had standing to invoke the trial court's jurisdiction. No one has questioned whether the mortgage was properly assigned to Appellee. Thus, the entirety of Appellants' argument regarding Appellee's standing is simply based on an incorrect assumption.

{¶23} The allonge changed the payable to bearer note to a special indorsement note payable to Appellee, but has no effect on Appellee's standing, since Appellee remains both the holder of the note and the payee of the special indorsement on the allonge.

{¶24} Appellee has provided appropriate documentation to show that it had standing to sue on the mortgage at the time the complaint was filed. "[The] Bank

introduced evidence that it was both the holder of the note and was the current assignee of the mortgage at the time it filed the 2015 complaint. Such evidence presented in a foreclosure claim is sufficient to establish standing." *U.S. Bank Natl. Assn. v. O'Malley*, 2019-Ohio-5340, ¶ 25-27 (8th Dist.).

**{¶25}** As Appellee has introduced this same type of evidence, and Appellants have not rebutted the evidence, Appellants' first assignment of error is without merit and overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY ENTERING JUDGMENT WITH A LOSS MITIGATION APPLICATION PENDING.

**{¶26}** In Appellants' third assignment they contend that Appellant Angela submitted a complete loan mitigation application and the Appellee had a duty to address her application. 12 C.F.R. 1024.41 allows for a stay of foreclosure proceedings under a strict set of circumstances, one of which is that the borrower submits a "complete loss mitigation application" after being notified of pending foreclosure process. 12 C.F.R. 1024.41(g). Appellants argue that PHH Mortgage failed to process Appellant Angela's application, and that her pending application should have prevented Appellee from filing the foreclosure complaint.

**{¶27}** While Appellee asserts that PHH Mortgage did not receive this application, it explains that it is irrelevant whether such application was sent to PHH Mortgage because after denial of one such application, the borrower may not file any subsequent application until the debt is first cleared. Despite this, there have already been three

applications filed and denied in this case. Appellants do not allege that the debt has been cleared since the denial of the first three mitigation applications. Therefore, Appellee is correct that Appellant Angela's alleged mitigation application provides no reason to prevent foreclosure.

**{¶28}** The record shows Appellant Thomas' third mitigation application was denied on April 11, 2024. No appeal was taken. There is no evidence that Appellants cured their default on the loan on or after April 11, 2024. Appellee's evidence supports a finding that Appellants did not cure the deficiency. The copy of Appellant Angela's alleged fourth application attached to Appellants' motion for summary judgment (Exhibit D) is incomplete, as it does not include any of the required documentation for her responses on the application. Appellant Angela's affidavit states that she did submit a complete application and that she does not know why Exhibit D is incomplete. This averment is illogical as Exhibit D is Appellants' exhibit and was offered to prove that Appellant Angela submitted a complete application. Exhibit D, however, proves that the application was not complete. On this basis alone it is apparent that Appellee was not required to review the application, as only complete applications must be reviewed. 12 C.F.R. 1024.41(g).

**{¶29}** Appellee is also correct that it was not required to review even a complete application, because Appellants had already been denied mitigation three times, without appeal. A loan servicer is not required to process subsequent loss mitigation applications if the borrower has processed a prior application and the borrower has been delinquent at all times since that prior application. Under the heading of "duplicative requests," 12 C.F.R. 1024.41 states: "A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with

the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application."  12 C.F.R. 1024.41(i).  Appellants do not dispute that three loss mitigation applications were filed and rejected, and that they have been delinquent at all times since the third application.

{¶30} Instead, Appellants appear to argue that Appellant Angela possesses a separate right to file a loss mitigation application, and the denials of her husband's applications should not be held against her.  Appellants submit no law to support this argument.   In Exhibit C of the complaint, which is the recorded mortgage, the term "borrower" is defined:   " 'Borrower' is Thomas W. Petrarca and Angela M. Petrarca, Husband and Wife."  Hence, there is a single "borrower" in this matter comprised of both Appellants.  Section 22 of the mortgage defines acceleration, and states that "Lender shall give notice to Borrower prior to acceleration."  It does not say notice to "borrowers." Section 13 of the mortgage states that "Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several."  It also states that "Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regards to the terms of this Security Instrument or the Note without the co-signer's consent."  Section 15 states:  "Notice to any one Borrower shall constitute notice to all Borrowers . . . ."  It also provides that the notice address is the property address, and there can be only one notice address at any time.  Section 17 states that "Borrower" will be given only one copy of the note and mortgage.  The idea that Appellant Angela maintains a separate set of rights in this matter independent of her husband with respect

to the mortgage is contradicted by an extensive array of provisions in the mortgage referring to a singular borrower, and the Appellants are the singular borrower.

{¶31} Appellants' third assignment of error is also without merit and overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN FINDING NO GENUINE ISSUES OF MATERIAL FACT IN AWARDING JUDGMENT TO APPELLEE.

{¶32} In Appellants' second assignment of error, they challenge the trial court's decision to grant summary judgment to Appellee. They urge that there were genuine issues of material fact in dispute in this case. Appellants argue that Appellee did not satisfy all of the conditions precedent to prove its right to foreclose on the mortgage. Again, this matter was resolved in summary judgment. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603 (8th Dist. 1995).

**{¶33}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386 (8th Dist. 1997).

**{¶34}** Importantly, the evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327. A party cannot create a genuine issue of material fact by ignoring or contradicting their own deposition testimony. *Byrd v. Smith*, 2006-Ohio-3455, ¶ 28 (a party's affidavit that contradict their deposition testimony does not create a genuine issue of material fact); *Isaac v. Alabanza Corp.*, 2007-Ohio-1396, ¶ 41 (7th Dist.) (self-contradictory statements by the plaintiff in a deposition cannot be used to overcome defendant's motion for summary judgment).

**{¶35}** To properly support a foreclosure action in summary judgment, a plaintiff must provide evidence establishing: "(1) the foreclosing party is the holder of the

Case No. 25 MA 0065

mortgage, or is a party entitled to endorse the mortgage; (2) the mortgagor is in default; (3) all conditions precedent have been met; and (4) the amount of principal and interest due." *Rutana v. Koulianos*, 2020-Ohio-6848, ¶ 35 (7th Dist.).

**{¶36}** Appellee contends that it submitted evidence to satisfy these four requirements. Appellee relies heavily on the affidavit of Diego Rojas (and documents attached to the affidavit), which were supposedly filed separately from Appellee's November 19, 2024 Motion for Summary Judgment. However, no such affidavit or accompanying documents are part of this record. No listing of this affidavit appears in the court's docket. It was not attached to any other document in the record. At one point in its brief, Appellee refers to recorded item 29 as Diego Rojas' affidavit, but item 29 is a Certificate as to Military Status. It is apparent that both Appellants and Appellee have access to this affidavit, and Appellee filed a motion to this Court after oral argument asserting that the parties had read and relied on the absent affidavit. However, it is clear this affidavit was never properly filed and so, was not properly before the trial court when making its decision in this matter.

**{¶37}** Without the affidavit, there is no proof that the records Appellee refers to are relevant business records from Appellee, the loan servicer, or any other entity related to this case. Without the affidavit there is no proof that the loan was in default. Although the affidavit of Juliana Thurab duplicates to some degree the information alleged to be contained in the affidavit of Diego Rojas, it does not state that the note and mortgage are currently in default, nor does it establish Appellee's connection to the note or the mortgage. Ms. Thurab's affidavit was used to establish the connection of PHH Mortgage to Ocwen Loan Servicing, LLC, and NewRez. It states that PHH Mortgage is the

successor by merger of Ocwen Loan Servicing, LLC, and that PHH Mortgage works with NewRez to service Appellants' loan "on behalf of the investor on the loan, the Plaintiff." This is quite different than averring Appellee is the holder of the note or the assignee of the mortgage.

**{¶38}** Ms. Thurab's affidavit was also used to set forth facts related to the four loss mitigation applications that were filed. Although her affidavit is certainly relevant to Appellants' third assignment of error, it does not cure the deficiencies which confront us, here. Absent the alleged affidavit of Mr. Rojas, very few of the documents referred to Appellee's motion for summary judgment or its arguments on appeal in favor of affirming summary judgment have the required evidentiary support. While the parties addressed the affidavit and its attachments both in the trial court and on appeal, absent this proof due to the failure to actually file the affidavit, there is no support for the legal requirements of a foreclosure action. The trial court was left with mere, unsubstantiated allegations on which to base its decision. They do not support summary judgment in this matter and it is apparent that without this proof, questions of material fact remain to be decided in this case.

**{¶39}** Appellants also argue under this assignment of error that the court erred in granting summary judgment to Appellee because Appellant Angela's rights were infringed when Appellee and Appellant Thomas entered into a loan modification agreement in August of 2013 without her participation. Appellant Angela did not sign the original promissory note and her name does not appear on the loan modification. Appellants insist that Appellant Angela should have been required to participate in, and give her consent to, the promissory note modification because her name is on the mortgage.

Case No. 25 MA 0065

However, Appellants provide no legal basis for their conclusion, and we decline to address an argument that appears to rely solely on speculation.

**{¶40}** As it is apparent from this record that several pertinent assertions of fact were not supported by any proof, questions of fact remain outstanding in this case precluding summary judgment. Appellants' second assignment of error has merit as there are genuine issues of material fact in dispute and the court should not have granted summary judgment to Appellee in foreclosure. The matter is remanded to the trial court on this basis.

Conclusion

**{¶41}** Appellants raise three arguments seeking to reverse the trial court's decree of summary judgment in this foreclosure case. While Appellants argue that Appellee had no standing to initiate a foreclosure action, the record reveals that Appellee had standing as holder of a note indorsed in blank, and as the assignee of the mortgage. Appellants' arguments as to the significance of an allonge filed after the complaint was filed are not well taken, because the allonge was not used to establish standing in this matter. Appellants argue that Angela Petrarca filed a complete loss mitigation application that should have prevented the foreclosure action, but there is no evidence that she filed such an application, and even so, the loan servicer was not required to process a fourth application after three prior borrower applications had been denied. Hence, Appellants' first and third assignments of error have no merit and are overruled. Appellants also argue that there are multiple issues of material fact unresolved. Appellee claims it proved the four elements required to prevail in a foreclosure action, relying on the affidavit of Diego Rojas, but the affidavit was not properly filed and is not in the record. Without that

affidavit, Appellants are correct that Appellee has not proven its case. Appellants' second assignment of error has merit and the summary judgment ruling in foreclosure is reversed and remanded.

Hanni, J. concurs.

Dickey, J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellants' first and third assignments of error are overruled and their second assignment is sustained.  It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed in part and reversed in part.  This matter is remanded in part to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be divided equally between the parties.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**